In the Matter of the Application of TERESE G. SPIEGELBERG, as Beneficiary Named in the Application for Membership in the New York City Employees' Retirement System of FREDERICK SPIEGELBERG, Deceased, Petitioner, for a Peremptory Order of Mandamus against FIORELLO H. LAGUARDIA and Others, Constituting the Board of Estimate and Apportionment of The City of New York as Head and Trustees of the "New York City Employees' Retirement System," Respondents.

Supreme Court, Special Term, New York County, November 27, 1937.

*Mack, McCauley, Spiegelberg & Gallagher* [*Paul J. McCauley* and *George A. Spiegelberg* of counsel], for the petitioner.

*Paul Windels, Corporation Counsel* [*Nicholas Bucci* of counsel], for the respondents.

WASSERVOGEL, J. The petitioner applies for a peremptory mandamus order against the New York City Employees' Retirement System directing the payment to her of $4,794.19, the amount deducted from the salary of the late Judge Frederick Spiegelberg during his service as a justice of the Municipal Court of the City of

New York, and, in addition, $19,341.68, the amount of the pension reserve set up for Judge Spiegelberg at the time of his retirement on January 1, 1928. On retiring he was entitled to one of several options in accordance with section 1720 of the Greater New York Charter, as amended by section 9 of chapter 142 of the Laws of 1923. He selected option 1, which entitled him to receive during the rest of his life a retirement allowance of $2,178.61, with the proviso, however, that if he died before receiving the total reserve under the retirement allowance, which was $24,135.87, the balance would be paid to his beneficiary. Upon retirement as a justice of the Municipal Court, Judge Spiegelberg became an official referee of that court. He held the office of official referee until his death on July 10, 1937. It is conceded that no part of the retirement allowance was actually paid to Judge Spiegelberg up to the time of his death. It is likewise conceded that, had he actually received pension payments from the time of his retirement until his death there would have been paid to him $20,755.26, which amount is $3,380.61 less than the total reserve on his retirement allowance. The rights of Judge Spiegelberg upon his retirement as a justice of the Municipal Court became fixed under section 1720 of the charter. As already indicated, pursuant to the terms of this section, he could have taken either a retirement allowance payable throughout his life, which would be the actuarial equivalent of his accumulated deductions, plus the city's contribution, or one of several options set forth in section 1720. Option 1, selected by Judge Spiegelberg, provides: " If he die before he has received in payments the present value of his annuity, his pension, or his retirement allowance, as it was at the time of his retirement, the balance shall be paid to his legal representative or to such person as the beneficiary * * * has nominated." Had Judge Spiegelberg not returned to city service he would have been entitled to receive under this selection $2,178.61 annually as long as he lived, and if he had died before receiving the total reserve on his retirement allowance of $24,135.87, his beneficiary would have been entitled to receive the balance. Section 1560 of the charter, however, constitutes a specific limitation upon whatever rights a pensioner may have. This section provides: " If a person who may hereafter be awarded a pension from the city of New York or any of the departments thereof, or out of any fund under said city or any of its departments, shall hold any office, employment or position under the State or city of New York or any of the counties included within said city, except the offices of commissioner of deeds, notary public, or an elective public officer, the payment of said pension shall be *suspended and forfeited during and for the time he shall hold such office,* position, or employ-

·ment; provided, however, that this section shall not apply where the pension and the salary or compensation of the office, employment or position amount in the aggregate to less than twelve hundred dollars annually."

I cannot agree with the contention of petitioner's counsel that petitioner obtained a vested right in the total reserve on Judge Spiegelberg's retirement allowance. In selecting option 1, Judge Spiegelberg fixed his rights and determined the obligations of the annuity reserve fund. He purchased a reducing insurance which because of its very nature would necessarily become less each year. The amount of that insurance was calculated actuarily in accordance with his age and other considerations existing at the time of his retirement. Petitioner is bound by the selection made by Judge Spiegelberg. His act in returning to the city service as an official referee caused his pension payments to cease. There is no basis for the contention that defendants are unjustly enriched if they are permitted to retain decedent's reserve on his retirement allowance. The provisions of section 1560 of the charter suspending and forfeiting pension payments where a pensioner returns to service are based on sound public policy. A postponement of the entire fund intact was not intended. The motion is denied.